UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO: 7:10-CR-00127-BR

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| RAMON GONZALEZ-ESTEFES ) | |
| ) | |

This matter is before the court on defendant's *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). (DE # 42.)

On 4 January 2011, defendant pled guilty to conspiracy to distribute and possess with the intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 846. On 5 July 2011, the court sentenced defendant to 102 months imprisonment. Defendant did not appeal.

In the instant motion, defendant contends that his sentence should be reduced based on the "fast track" program effective 1 March 2012.

> "Fast-tracking" refers to a procedure that originated in states along the United States-Mexico border, where district courts experienced high caseloads as a result of immigration violations. To preserve resources and increase prosecutions, prosecutors sought to obtain pre-indictment pleas by offering defendants lower sentences through charge-bargaining or through motions for downward departure.
> Congress officially sanctioned the use of departure fast-track programs in 2003, with its enactment of the Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act of 2003 ("PROTECT Act"), Pub. L. No. 108-21, § 401(m)(2)(B), 117 Stat. 650, 675 (2003). In conjunction with authorizing the Attorney General to create and implement such programs, Congress directed the Sentencing Commission to promulgate "a policy statement authorizing a downward departure of not more than 4 levels if the Government files a motion for such

> departure pursuant to an early disposition program authorized by
> the Attorney General and the United States Attorney." *Id.*
> Pursuant to this directive, the Commission adopted § 5K3.1 of the
> sentencing guidelines, providing that "[u]pon motion of the
> Government, the court may depart downward not more than 4
> levels pursuant to an early disposition program authorized by the
> Attorney General of the United States and the United States
> Attorney for the district in which the court resides." United States
> Sentencing Guidelines Manual § 5K3.1, p.s. (2004).

United States v. Perez-Pena, 453 F.3d 236, 238 (4th Cir. 2006) (alteration in original). "[T]he Attorney General in the beginning of 2012 authorized fast-track programs in all districts. But while this is so, this program, for all districts, also is available only for those charged with illegal reentry." Castro v. United States, Nos. 12-21251-Civ-KING, 10-20523-Cr-KING, 2012 WL 6972066, at *3 (S.D. Fla. Nov. 9, 2012) (citations omitted), adopted on other grounds, 2012 WL 7005808 (S.D. Fla. Nov. 28, 2012).

Defendant is not eligible for a sentence reduction under the fast track program. As noted previously, defendant was convicted of a controlled substance offense, not illegal reentry, and therefore, defendant is not eligible for the program. Even if he is, at the time defendant was sentenced, as far as the court is aware, this district did not have an approved fast track program, see http://www.fd.org/docs/select-topics---sentencing/fast-track-policies.pdf (Office of Defender Services document containing all written policies from districts nationwide), and "the fast-track program authorized for March 1, 2012 is not retroactive," Castro, 2012 WL 6972066, at *3 (citations omitted). Finally, a court may reduce a defendant's sentence under § 3582(c)(2) only when his or her sentencing range has been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o). The nationwide implementation of the fast track program beginning in 2012 "constitutes a change in policy by the U.S. Department of Justice, not a lowering of a sentencing

2

range by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." United States v. Giron-Espana, No. 2:11-CR-00834, 2012 WL 5377774, at *2 (S.D. Tex. Oct. 30, 2012).

Defendant's motion is DENIED.

This 26 August 2013.

                                            W. Earl Britt
                                            Senior U.S. District Judge